# IN THE COURT OF APPEALS OF IOWA

No. 17-0755
Filed July 5, 2018

**DERRICK DEONDRE DANIELS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Derrick Daniels appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Marshall W. Orsini of Carr & Wright, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Derrick Daniels appeals from the district court's denial of his application for postconviction relief. He asserts that his postconviction counsel was ineffective for failing to argue his trial counsel should not have withdrawn a motion to suppress his inculpatory statements. Because we find no reasonable probability that he could prevail with the other extensive evidence of his guilt properly admitted into the evidence, Daniels cannot prevail on the prejudice prong. Therefore, we affirm.

In January 2013, officers were investigating Daniels's relatives for suspected illegal drug dealing. Officers observed Daniels exit a bus from Chicago while carrying a black duffel bag. Daniels entered the passenger side door of a vehicle driven by his relative, Latasha. When officers stopped the vehicle they found the black bag on the floor in front of Daniels. The bag contained approximately seventy grams of cocaine base or crack cocaine. Daniels was charged with possession of a controlled substance with the intent to distribute, in violation of Iowa Code section 124.401(1)(a)(3) (2013) and failure to affix a drug-tax stamp, in violation of Iowa Code section 453B.12.

In January 2014, the case proceeded to a bench trial and the district court found Daniels guilty of both charges. He was sentenced to fifty years in prison with a one-third minimum sentence on the possession-with-intent-to-distribute charge and five years in prison on the charge of failure to affix a drug-tax stamp. The sentences were ordered to run concurrently. This court affirmed Daniels's convictions and sentences on direct appeal. *See State v. Daniels*, No. 14–1442, 2016 WL 5408279, at *5 (Iowa Ct. App. Sept. 28, 2016).

In February 2017, Daniels filed an application for postconviction relief. A hearing was held in April 2017, after which the district court denied his application. Daniels now appeals, raising an ineffective-assistance-of-counsel claim.

We review ineffective-assistance-of-counsel claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To succeed on this claim, the claimant must show, first, that counsel breached an essential duty, and, second, that he was prejudiced by counsel's failure. *Id.* If the claimant's ineffective-assistance claim lacks prejudice, we may decide the claim on that ground alone. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

Daniels asserts his postconviction counsel was ineffective for failing to provide evidence to support his claim that a motion to suppress his inculpatory statements should not have been withdrawn but vigorously pursued at trial. In its postconviction ruling, the district court addressed Daniels's claim regarding the suppression of evidence from the search and stated:

> [Daniels] offers no further argument as to why such a challenge would have been successful. The court notes [Daniels's] counsel initially filed a motion to suppress evidence extending from "any stop, search, and seizure made without a warrant" on January 31, 2013. However, this was later withdrawn as shown in the court order on May 20, 2013. Without any evidence or argument made that a motion to suppress had merit and would have been successful and change the result of [Daniels's] trial, the court finds [Daniels's] claim he is entitled to post-conviction relief for his counsel's failure to seek suppression of the vehicle stop is DENIED.

On appeal, Daniels contends that had his postconviction counsel presented evidence related to Daniels's purported confession while in jail, he would have

established that Daniels was not adequately informed of his *Miranda* rights,[1] did not understand them, and did not knowingly and intelligently waive them, and consequently, his motion to suppress would have been granted.

Daniels cannot show prejudice before us because, even assuming that his inculpatory statements would have been suppressed, he does not provide any evidence or argument that a motion to suppress evidence from the search would have merit or would have been successful. The vehicle in which Daniels was a passenger was legitimately stopped as part of the ongoing drug-trafficking investigation. *See State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015) ("Reasonable suspicion to stop a vehicle for investigative purposes exists when articulable facts and all the circumstances confronting the officer at the time give rise to a reasonable belief that criminal activity may be afoot."). The trial court summarized the State's evidence and held:

> Based on the evidence presented at trial, the court finds [Daniels] knowingly possessed crack/cocaine base with the intent to deliver it. [Daniels] had the black duffle bag containing the crack with him at all times, from when he first exited the bus to when he and Latasha were pulled over by police. Latasha's car did not have the black bag when police stopped her the first time, and the car was under constant surveillance until it was pulled over the second time. She also made no movements suggesting she handled the bag after [Daniels] got into her car. The DCI testing showed the substance found in the bag was indeed cocaine base, and the total amount was almost 70 grams. Testimony showed there were no drug stamps attached to the packages of crack.
> Officers' testimony established that this large quantity of crack was inconsistent with an amount that would be carried for personal use, and that it was too valuable to be entrusted to someone who was not part of the plan to distribute it. Police stopped Latasha's car

---

[1] *See Miranda v. Arizona*, 384 U.S. 436, 478–79 (1966) (holding a person subject to custodial interrogation must be advised that "he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed").

with [Daniels] on Mulberry Street, on its way to Latasha's apartment. The apartment held several items used for the repackaging and distribution of crack. [Daniels] was further linked to the apartment by the prescription pill bottle found there with his name on it.

We agree. Accordingly, even assuming Daniels's inculpatory statements were suppressed, there is no reasonable probability that he could prevail with the extensive evidence of Daniels's guilt properly admitted into the evidence. *See State v. Reynolds*, 746 N.W.2d 837, 845 (Iowa 2008) ("To establish prejudice, a defendant must show the probability of a different result is 'sufficient to undermine confidence in the outcome'") (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). We affirm the district court's denial of Daniels's postconviction relief application.

**AFFIRMED.**